UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRIS A. NEBELSIECK,                    )
                                        ) No. CV-05-0022-CI
            Plaintiff,                  )
                                        ) ORDER GRANTING IN PART
v.                                      ) PLAINTIFF'S MOTION FOR SUMMARY
                                        ) JUDGMENT AND REMANDING FOR
JO ANNE B. BARNHART,                    ) ADDITIONAL PROCEEDINGS
Commissioner of Social                  ) PURSUANT TO SENTENCE FOUR OF
Security,                               ) 42 U.S.C. § 405(g)
                                        )
            Defendant.                  )
                                        )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 9, 11), submitted for disposition without oral argument on
September 19, 2005.  Attorney Lora Lee Stover represents Plaintiff;
Special Assistant United States Attorney Stephanie R. Martz
represents Defendant.  The parties have consented to proceed before
a magistrate judge.  (Ct. Rec. 4.)  After reviewing the
administrative record and the briefs filed by the parties, the court
**GRANTS IN PART** Plaintiff's Motion for Summary Judgment and remands
for additional proceedings pursuant to sentence four of 42 U.S.C. §
405(g).

     Plaintiff, a 32-year-old single man without children at the
time of the administrative decision, filed applications for Social
Security disability and Supplemental Security Income (SSI) benefits
in October 2001, alleging onset as of February 17, 2001, due to

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g) - 1

physical impairments. (Tr. at 60.) Plaintiff graduated from high school and completed one semester of college. Relevant past work included warehouse laborer, construction worker, home attendant, and fence erector. (Tr. at 366-368.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge R. J. Payne (ALJ). The ALJ denied benefits after concluding Plaintiff was unable to perform his past relevant work but could perform a full range of light work. Using the Grids as a framework for decision making, the ALJ concluded Plaintiff was not found disabled. (Tr. at 24-25.) Review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

### ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability and was insured for benefits through March 31, 2004. Plaintiff had not engaged in substantial gainful activity and had severe musculoskeletal impairments and irritable bowel syndrome, but those impairments were not found to meet the Listings. The ALJ concluded Plaintiff's testimony was not fully credible and that he retained the residual capacity to perform light work with only occasional climbing, balancing, kneeling, crouching, crawling or stooping. (Tr. at 24.) The ALJ found Plaintiff was not able to perform his past relevant work, but could perform other light work which exists in significant numbers in the national economy. Thus, he concluded there was no disability.

### ISSUES

The question presented is whether there was substantial

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly rejected the opinion of the treating physicians, (2) improperly assessed Plaintiff's residual capacities and pain complaints; (3) improperly assessed Plaintiff's credibility; and (4) posed an incomplete hypothetical question to the vocational expert.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment"

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the ALJ failed to properly reject the opinions of his treating physicians, including the diagnosis of sympathetic dystrophy secondary to the surgical removal of a tumor in December 2001. (Tr. at 175.) Although the ALJ addressed the clinical findings of the treating physicians, he relied on the testimony of the consulting physician, after noting no physical limitations were recommended by the treating physicians.

The medical expert testified Plaintiff suffered from a right sensory truncal radiculopathy (T7-9) since December 2001 (also referred to as sympathetic dystrophy (Tr. at 325, 329)); mid-spinal thoracic sacroiliitis without involvement of the spine or

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

spondylitis, probably present since 1993; and irritable bowel syndrome. (Tr. at 20.) Relying on that testimony, the ALJ concluded Plaintiff suffered from musculoskeletal problems and irritable bowel syndrome. (Tr. at 21.) The ALJ noted in his decision:

> Clinic notes dated through May 14, 2003 reflect the claimant developed a radicular pattern with some elements of reflex sympathetic dystrophy involving the right mid trunk. A history of a fused sacroiliac joint and chronic low back pain was also noted with a slightly positive ANA and a slightly elevated sedimentation rate. He was continued on an increased dose of Neurontin and Minipress and referred for rheumatology consultation to rule out ankylosing spondylitis and evaluate his abnormal labs. Upon rheumatology evaluation, he was diagnosed with spondyloarthropathy.

(Tr. at 19.)

> The undersigned notes that no treating or examining physician has opined the claimant is totally disabled, nor have they assessed any specific limitations. Further, the undersigned notes that the claimant was not found eligible for State medical benefits based on any disabling condition.

(Tr. at 22.)

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039. Here, aspects of the opinion of the consulting medical expert are not supported by the record or consistent with it.

Here, the diagnoses are uncontradicted and supported by objective medical tests: bilateral sacroiliitis (lumbar spine x-ray (Tr. at 127)); post-operative changes, including parasthesia, to chest nerves, referred to as dystrophy or radiculopathy (x-ray (Tr. at 177)); and spondyloarthropathy (increased sed and ANA rates, HLA-B27 test positive, spasm (Tr. at 236, 291, 283)). Additionally, contrary to the testimony of the medical expert (Tr. at 327-328), there was objective evidence of lumbar stenosis at L4-5. (Tr. at

261.)   Irritable bowel syndrome was ruled out by tests conducted at the University of Washington medical center.   (Tr. at 132.) Following Plaintiff's surgery and removal of the spinal mass, bowel problems subsided. (Tr. at 258, 281, 337.)  However, Plaintiff does have an asymptomatic residual ganglioneuroma at the surgical site. (Tr. at 263.)

Although Plaintiff obtained significant relief from pain, he suffered serious side effects from immunosuppressant medications taken to control pain from his arthritic condition.   (Tr. at 281, 284.) Methotrexate and Imuran were no longer available because of adverse liver effects.   (Tr. at 281, 295.) Sulfasalazine did not provide relief and a prednisone taper was restarted.   (Tr. at 295.) In April 2004, Plaintiff reported he had remained in bed for several days, movements were observed to be very stiff, and he was suffering from paravertebral spasm and thigh joint pain.   (Tr. at 295.)  By July 2004, he had limited range of motion and was taking Enbrel injections twice a week without noticeable improvement.   (Tr. at 298, 317.)

On December 16, 2002, consultant Gregory Saue, M.D., limited Plaintiff to light work, noting Plaintiff had previously been limited to sedentary work when he was still in recovery from his December 2001 surgery and was unable to stand for more than four hours per day.   (Tr. at 175, 208, 213.)   After physical therapy, Plaintiff was reported to be much improved as to the pain in the thoracic rib area.   (Tr. at 200.)   There is no residual functional capacity evidence after December 2002, except for the opinion of the medical expert who did not include lumbar stenosis and resulting

1   residual limitations in his assessment.  (Tr. at 252, 327.)

2        Plaintiff reported his most significant pain complaint is the
3   residual chest discomfort following his surgery.  (Tr. at 338.)  He
4   noted the pain will spike while he is driving or carrying anything
5   heavy such as a gallon of milk.   The pain limits his ability to
6   breathe deep and there is swelling in his chest.   (Tr. at 339.)
7   Plaintiff also reported it was difficult for him to sit for any
8   length of time in a straight chair or bend over.  (Tr. at 339.)  He
9   reported there were no side effects from medication that would
10  prevent his working.  (Tr. at 341.)  Plaintiff stated he lies down
11  four to five times a day for 15 to 30 minutes with a pillow under
12  his knees and a heating pad to relieve pain.  (Tr. at 344.)

13       Plaintiff has challenged the ALJ's credibility findings,
14  contending his testimony should have been fully credited.   In
15  deciding whether to admit a claimant's subjective symptom testimony,
16  the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80
17  F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, see *Cotton
18  v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must
19  produce objective medical evidence of underlying "impairment," and
20  must show that the impairment, or a combination of impairments,
21  "could reasonably be expected to produce pain or other symptoms."
22  *Id.* at 1281-82.  If this test is satisfied, and if there is no
23  evidence of malingering, then the ALJ, under the second step, may
24  reject the claimant's testimony about severity of symptoms with
25  "specific findings stating clear and convincing reasons for doing
26  so." *Id*. at 1284.  The ALJ may consider the following factors when
27  weighing the claimant's credibility: "[claimant's] reputation for

28

truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same). Here, there is no evidence of malingering; thus, the standard is clear and convincing reasons.

The ALJ noted the following:

> The undersigned has considered the claimant's subjective allegations and finds that he was not entirely credible. Although more limited than he has been in the past, the medical evidence and the persuasive testimony of the medical expert, which is afforded great weight here, indicate he is capable of performing some type of work activity.

> The undersigned notes that no treating or examining physician has opined the claimant is totally disabled, nor have they assessed any specific limitations. Further, the undersigned notes that the claimant was not found eligible for State medical benefits based on any disabling condition. Also, the claimant testified that he can sit only 15 to 20 minutes when working on his computer, but reported in a Daily Activities Questionnaire [Tr. at 90-93] that he could do so for 1 hour at a time. On this same form, he also reported that he could walk for 2 hours and sit for 4 hours, before needing to rest (20 to 30 minutes). He also reported that he could lift up to 50

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 9

pounds occasionally, climb stairs; drive up to two hours; and sleep 8 hours, without requiring rest periods often. Further, in May 2002, he reported his only problem at that point in time was sleeping, as it was difficult to remain comfortable.

(Tr. at 22 (references to exhibits omitted).)

As to the statements of activity made by Plaintiff in the Daily Activities Questionnaire, that form was signed in October 2001, months before his surgery in December 2001 and resulting nerve damage and the diagnosis of spondyloarthropathy in March 2004. Thus, the discrepancies between his statements on the Questionnaire and his testimony at the administrative hearing in February 2004 can be explained by a worsening of his condition following surgery and the diagnosis of spondyloarthropathy.  Additionally, the record remains undeveloped with respect to Plaintiff's residual capacity post 2003.  Thus, the ALJ's rejection of Plaintiff's testimony is not supported by clear and convincing reasons supported by the record.

Plaintiff alleged an onset date of February 2001; his date of last insured is March 31, 2004.  There is no evidence, based on the Questionnaire and the medical record, to support a finding of disability prior to October 2001.  There is some question as to whether disability should be found after that date, based on the more developed medical record in 2003 and 2004.  Thus, questions remain as to whether a finding of disability is appropriate. Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **GRANTED IN PART;** the matter is **REMANDED** for additional proceedings

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 10

1  pursuant to sentence four of 42 U.S.C. § 405(g).

2      2.   Defendant's Motion for Summary Judgment dismissal **(Ct.**

3  **Rec. 11) is DENIED.**

4      3.   Any application for attorney fees shall be filed by

5  separate motion.

6      4.   The District Court Executive is directed to file this

7  Order and provide a copy to counsel for Plaintiff and Defendant.

8  The file shall be **CLOSED** and judgment entered for Plaintiff.

9      DATED September 28, 2005.

10

11              S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g) - 11